BROOM, Justice:
A writ of injunction against Holder was decreed by the Chancery Court of Jasper County, Mississippi, and he appeals. The writ enjoined appellant from interfering with appellee’s entrance upon certain sixteenth section lands to construct a gas pipeline. We reverse.
Whether appellant as holder of a sixteenth section agricultural lease has the right to prevent appellee from constructing a pipeline across his leasehold lands is the chief issue before us.
FACTS
After appellant bought from the Jasper County Board of Supervisors an agricultural sixteenth section lease, appellee desired to construct its pipeline across the land. Appellee sought to negotiate a settlement in advance of appellant’s damages, but negotiations proved to be unsuccessful, and appellee began construction of the pipeline. Following appellant’s erecting no trespassing signs, he was enjoined not to further interfere with appellee’s construction.
At the trial the parties stipulated to the following facts. Appellee did not have any certificate of public convenience and necessity from the Public Service Commission or any other authority from the State of Mississippi. A purported pipeline easement to appellee had been granted by the board of supervisors. In the appellant’s sixteenth section lease contract was a reservation that the board shall have the right “to grant or sell rights-of-way across any of said land for a road, highway, railroad, or any public utility line, provided only that the lessee be paid a reasonable rental for the unexpired term of his lease by the grantee of such right-of-way.” (Emphasis added.)
I.
Mississippi Code Annotated section 77-3-3 (d) (1972) [formerly § 7716-01(D) of the 1942 Code] defines a public utility as *892 including “persons and corporations, or their lessees, trustees and receivers now or hereafter owning or operating in this state equipment or facilities for” the transmission, sale, sale for resale, or distribution of natural, artificial or mixed natural and artificial gas “to the public for compensation . . . . ” (Emphasis added.) According to the record before us, it is apparent that appellee is not a public utility because its transmission of gas through the proposed pipeline in question was not “to the public” but to only one customer, Mississippi Power Company. Obviously, the appellee did not consider itself a public utility because it had not acquired a certificate of public convenience and necessity as required of public utilities by Mississippi Code Annotated section 77-3-11 (1972). That statute requires that such a certificate be issued before any person shall construct, et cet-era, a pipeline for transmitting gas for “intrastate sale to or for the public for compensation . . . .”
We note that the lease in question, pursuant to Mississippi Code Annotated section 29-3-85 (1972), reserved to the board of supervisors the right to grant or sell a right-of-way across said land for “a road, highway, railroad, or any public utility line . .” Since the pipeline which ap-pellee sought to construct is not a public utility line, upon the facts of this case appellant cannot be made to acquiesce in the right-of-way easement which the board of supervisors attempted to execute in favor of appellee. Perusal of the lease clearly shows that the lessor (Board of Supervisors) did not reserve the right (and had no such right by any cited statute) to grant or sell a pipeline easement except to a public utility. Also, appellee failed during the proceedings below to prove that it was a public utility.
When the appellant or his predecessor acquired the lease in question, he became vested (subject to the reservations of the lease) with the right to the undisturbed use of the surface for agricultural purposes for the period of the lease. Under Mississippi Constitution Article 3, section 17 (1890), and United States Constitution Amendments V and XIV, section 1, private property cannot be taken without due compensation first having been paid. As to the surface rights, the sixteenth section leaseholder, except as may be limited by provisions of the lease or by some applicable statute, has the exclusive right to the surface (during the period of the lease) just as though he owned the fee to the land. For anyone else to have the right to use the surface or gain an easement over it without his consent, that person or entity acquiring such a right would have to be within the category of persons or entities having the right of eminent domain. In this case the appellee did not establish that it is a public utility or that it has the right to condemn property rights of another. It follows that the lower court erred in enjoining the appellant from interfering with the construction by appellee of a pipeline across appellant’s lands. The decree of the lower court is reversed and the injunction dissolved.
Reversed and rendered.
GILLESPIE, C. J., and PATTERSON, INZER, SMITH, SUGG and WALKER, TJ., concur.